## HAWKINS v. MOSHER.

EXEMPTIONS—WAGES.

The amendatory act of 1894, exempting from execution, attachment or garnishment sixty dollars due as wages or earnings of any debtor, did not deprive a debtor who had become such prior to March 1, 1894, of the exemption to which he was entitled under the act amended.

*Error to the District Court of Arapahoe County.*

Mr. W. W. COVER, for plaintiff in error.

No appearance for defendant in error.

REED, P. J., delivered the opinion of the court.

Plaintiff in error obtained a judgment against the defendant and another for $150, sued out an execution, served the city of Denver as garnishee. The city answered that it was indebted to defendant in the sum of $70.00, for wages as fireman for the preceding month. Defendant filed a written claim of the exemption of the fund from execution under the statute. A hearing was had, and the court decided fifty per cent ($35.00) to be exempt. Plaintiff in error brings the judgment to this court for review, and insisted that the court erred in exempting the $35.00.

"AN ACT TO AMEND SECTION ONE (1) OF AN ACT ENTITLED 'AN ACT TO EXEMPT CERTAIN WAGES AND EARNINGS OF DEBTORS FROM LEVY AND ATTACHMENT FOR DEBT,' APPROVED MARCH 28, 1885.

"*Be it Enacted by the General Assembly of the State of Colorado:*

"SECTION 1. That section one (1) of an act entitled 'An Act to Exempt Certain Wages and Earnings of Debtors from Levy and Attachment for Debt,' approved March 28, 1885, be amended so as to read as follows, to-wit: SECTION 1. There shall be exempt from levy under execution or attachment or garnishment fifty per cent. of the wages or earnings of any debtor earned during the thirty days next preceding such levy under execution, attachment or garnishment of the same; *Provided*, That in no case shall the amount so exempted be less than thirty dollars; *Provided Further*, Such debtor shall, at the time of such levy under execution, attachment or garnishment, be the head of a family or the wife of the head of a family, and such family is dependent, in whole or in part, upon such wages or earnings for support; *Provided Further*, That no debts incurred prior to March 28, 1885, shall be affected thereby."

The following is the act of 1894:

"SECTION 1. That sec. 1 of an act entitled 'An Act to Exempt Certain Wages and Earnings of Debtors from Levy and Attachment for Debt,' approved March 28, 1885, and acts amendatory thereof, be and the same is hereby amended so as to read as follows, SECTION 1. There shall be exempt from levy under execution or attachment or garnishment sixty dollars ($60.00) of the amount due for wages or earnings of any debtor at the time such levy is made, under execution, attachment or garnishment of the same. * * * Provided further that no debts incurred prior to March 1, 1894, shall be affected thereby."

The provision of the law of 1889, requiring the claimant

to be the head of a family which was dependent upon his wages for support, was almost literally reënacted in the act of 1894. Plaintiff's counsel contend that the act of 1889 was repealed by the act of 1894, and that as the latter act provided that no debts incurred prior to March 1, 1894, should be affected by it, and the debt in controversy having been contracted before the date mentioned by the repeal of the former act, the defendant was entitled to no exemption of wages whatever. We cannot adopt this contention. The act of 1894 purported to be amendatory to former acts, and on debts contracted after its passage amended the former act by designating a specific sum that might be exempt instead of the fifty per cent. In this respect only was the act amended.

The humane policy of laws of exemption for the benefit of a family had so appealed to legislators that the benefits of exemption have been extended instead of restricted, and in most instances the law of 1894 would have that effect. We cannot conceive the intention of the legislature to have been a repeal that would cut off all exemption of wages from debts contracted before its passage. We think the last provision of the act of 1894 a saving clause, leaving the amount of exemption against debts contracted before its passage unaffected and to be determined under the preëxisting act. The judgment of the court in so holding was correct and must be affirmed.

*Affirmed.*